MARK'S SURETIES (UNITED STATES v.). See Case No. 15,722.

MARLBORO (HUNTER v.). See Case No. 6,908.

MARNEY v. The SYLVESTER HALE. See Case No. 13,712.

MARONEY (DINSMORE v.). See Case No. 3,920.

===

## Case No. 9,100.

### Ex parte MARQUAND.

[2 Gall. 552.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1815.

FINES—VIOLATION OF CUSTOMS LAWS—TO WHOM PAYABLE.

"Fines" imposed for obstructing officers of the customs, as well as "penalties," under Act March 2, 1799, c. 128 [1 Story's Laws, 573; 1 Stat. 627, c. 22], are to be received and distributed by the collector of the customs.

[Cited in Matthews v. Offley, Case No. 9,290; U. S. v. Tilden, Id. 16,523; U. S. v. Chapel, Id. 14,781; U. S. v. Fanjul, Id. 15,069.]

[Cited in Ransdell v. Patterson, 1 App. D. C. 491.]

At this term, N. Hobson, and others, were convicted on an indictment for forcibly resisting and impeding certain officers of the customs at Rowley, within the collection district of Newburyport, against the 71st section of the act of the 2d of March, 1799, c. 128 [c. 22]. The fines imposed by the court having been paid into the hands of the marshal, a motion was made in behalf of Mr. Marquand, collector of Newburyport, to have the same paid over to him for distribution, pursuant to the 91st section of the same act.

[1] [Reported by John Gallison, Esq.]

G. Blake, Dist Atty., stated, that he had been requested by the collector to make the motion; but should submit it to the court without argument. The practice had uniformly prevailed, in cases of fines under this act, to pay them directly into the treasury, and no instance has heretofore occurred, in which they had been claimed or received by a collector for distribution.

BY THE COURT. It is not a little extraordinary, that this question should have slept in silence during so long a period. The 91st section of the act of March 2, 1799, c. 128 [c. 22], provides, that all fines, penalties and forfeitures, recovered by virtue of that act, and not otherwise appropriated, shall, after deducting all proper costs and charges, be disposed of as follows, one moiety shall be for the use of the United States, and be paid into the treasury thereof by the collector receiving the same; the other moiety shall be divided between, and paid in equal proportions to, the collector and other officers of the customs specified in the act, with a proviso giving a moiety of such moiety to the informer, by whose information to the collector the same fines, penalties and forfeitures shall be recovered. The 89th section of the same act authorizes the collector to receive all penalties, recovered under the act, from the court or the proper officer thereof, and further enacts, that "on receipt thereof the said collector shall pay and distribute the same without delay according to law, and transmit quarter yearly to the treasury an account of all moneys, by him received for fines, penalties and forfeitures, during such quarter." The former act for the collection of duties Aug. 4, 1790, c. 35 [1 Story's Laws, 83; 1 Stat. 112, c. 8]), which was repealed by the act of 1799, contains similar provisions as to distribution of fines, penalties and forfeitures (section 69), and as to the receipt and distribution of penalties by the collector (section 67); but there is no clause respecting the transmission of quarterly accounts of moneys received for fines, penalties and forfeitures. As the 89th section of the act of 1799 is, with the exception of this clause, a substantial re-enactment of the 67th section of the act of 1790, it is highly probable, that a doubt had arisen, whether the right of the collector to receive and distribute "penalties," included that of receiving and distributing "fines," and that this clause, among other objects, was meant to obviate that doubt. This explanation, if correct, will in part account for the unsettled state of the present question.

On looking at the language of the act of 1799, it seems difficult to resist the impression, that "fines" in the technical sense of the word, as well as "penalties," are to be received and distributed by the collector. There are indeed but two cases, in which, technically speaking, fines are contemplated to be imposed by the act viz. in cases of ob-

structing officers of the customs (section 71) and of perjury (section 88). In all other pecuniary forfeitures within the act, the legislature seem to have directed, not the process of indictment, where a fine might be imposed, but an action or information of debt; for, at common law, wherever a penalty is given, and no appropriation or method of recovery is prescribed by the act, an action or information of debt lies, and not an indictment. Rex v. Malland, 2 Strange, 828; Adams v. Woods, 2 Cranch [6 U. S.] 336. There may be good reason for this distinction, for penalties and forfeitures may be remitted by the secretary of the treasury under the act of March 3, 1797, c. 67 [1 Story's Laws, 458; 1 Stat. 506, c. 13]; but, notwithstanding the language of that act, it is extremely doubtful if fines for offences, technically speaking, can be so remitted, since the constitution has committed to the president the power to grant reprieves and pardons for offences, against the United States. U. S. v. Mann [Case No. 15,718]. It is singular, that bribery of officers of the customs should, by the act of 1799, be punishable only by a pecuniary forfeiture; and still more singular, that, as no other appropriation of the penalty is made, half of that penalty might, following the letter of the act, be received by the very party bribed.

Of the policy of a distribution of fines imposed for public offences, or of allowing them to be received and distributed by collectors of the customs, in cases within the express purview of the act of 1799, we do not pretend to judge. It is sufficient for us, that the legislature have expressed their will in direct and unequivocal terms; and we accordingly direct, that the fines imposed upon the defendants, and now in the hands of the marshal, after deducting the proper charges allowed by the court, be paid over to the collector.